UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14041-CR-CANNON/MAYNARD

UNITED STATES OF AMERICA,

v.

NEDRIC JOSHUA ADGER,

Defendant.
_____/

## FACTUAL PROFFER

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and Nedric Joshua ADGER, together with his counsel, admits if this case were to proceed to trial, the government would be able to prove the allegations contained within the Indictment, which charges the defendant with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) and the following facts, among others, beyond a reasonable doubt. The defendant also stipulates that those allegations, elements of the crime and the following recitation of the facts shall constitute the underlying factual basis for the entry of a plea of guilty in this case:

1. On May 2, 2022, Fort Pierce Police Department (FPPD) Officer Josepher Crutchfield arrived at 130 Garden Avenue in Fort Pierce, St. Lucie County, Florida, and observed the defendant exiting the passenger side of a black Dodge Dart, parked in the driveway. Officer Crutchfield asked the defendant what was going on, at which point the defendant fled on foot northbound. Officer Crutchfield gave chase.

2. As defendant fled, a black handgun fell from the defendant's waistband. The defendant picked up the gun, and continued running. As defendant jumped a fence, the firearm

discharged. Then the defendant threw it away.

3. Officer Crutchfield caught up to the defendant and ordered him to stop and turn around. The defendant responded, acknowledging Officer Crutchfield's command, and refused to comply. After multiple commands without compliance, Officer Crutchfield tased the defendant, but he pulled away and fled, hopping another fence. Officer Crutchfield caught the defendant at the fence and placed him in custody.

4. Fort Pierce Police Officers located the firearm, a Glock, model 22, .40 caliber handgun, just over the fence of the carport. They secured the firearm, and while wearing gloves, Officer Steven Soban removed the magazine from the firearm and cleared the firearm. In doing so, he found that the firearm was in a "stove pipe" configuration. The firearm contained 16 rounds of ammunition in the magazine.

5. The defendant admitted, post-*Miranda* that when he saw the police approaching, he knew what he had on him, and ran. He admitted that what he did was wrong, that he had "it" to defend himself, that the gun went off when he jumped over the fence, and he asked if anyone got hit by that (referring to the gunshot). Later, the defendant admitted that he had a pending case against him, and that he had a gun on him.

6. Then, while being transported from the hospital to the jail, the defendant spontaneously stated, "I'm tired of this shit, I'm tired of going to jail." He also later states, while talking to himself, "You did it this time, there ain't nothing you can say about this this time."

7. ATF Special Agent Mike Kelly inspected the Glock model 22, .40 caliber firearm and determined that the firearm traveled in interstate and/or foreign commerce having been manufactured outside the State of Florida.

8. On May 2, 2022, the defendant knew that he was a previously convicted felon

prohibited from possessing a firearm. On September 9, 2019, the defendant was adjudicated guilty of burglary of a dwelling, in violation of Florida Statute 810.02, a second-degree felony, punishable by up to 15 years in prison; grand theft, in violation of Florida Statute 812.014, a third-degree felony, punishable by up to five years in prison; and delinquent in possession of a firearm, in violation of Florida Statute 790.23(1)(b), a second degree felony, punishable by up to 15 years in prison. The defendant was not granted clemency and his rights were not restored.

9.  The parties agree that these facts, which do not include all the facts known to the government and the defendant, are sufficient to prove the elements of the following offenses beyond a reasonable doubt:

<u>Felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1):</u>

**First:** The defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

**Second:** Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense; and

**Third:** Before possessing the firearm or ammunition, the defendant knew he had been convicted of a felony.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 9/1/22    By: _____
CHRISTOPHER H. HUDOCK
ASSISTANT UNITED STATES ATTORNEY

Date: 9/26/22   By: _____
ROBERT E. ADLER
ATTORNEY FOR DEFENDANT

Date: 9/26/22   By: _____
NEDRIC JOSHUA ADGER
DEFENDANT

3